UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA<br><br>    Plaintiff,<br>vs.<br><br>JOHN MARVIN BALLARD<br><br>    Defendant. | 05-cr-00168-DLJ<br>06-cr-00283-DLJ<br><br>**ORDER** |

On December 4, 2007, the Court heard argument on defendant John Ballard's motion to dismiss the superseding indictment in case number 06-cr-00283, to unseal the grand jury record for the indictment, and to strike surplusage from the indictment. Arguments were also heard on additional motions to dismiss the indictment, and as to the government's petition that he has violated the terms of his supervised release in case number 05-cr-00168.

Jan David Karowsky appeared on behalf of John Ballard; Samuel Wong appeared for the government.  Having considered the arguments of counsel, the papers submitted, the applicable law, and the record in this case, the Court hereby DENIES Ballard's

motion to unseal the grand jury record, DENIES Ballard's motion to dismiss the indictment for improper influence of the grand jury, and DENIES the motion to strike surplusage from the indictment.  The Court refrains from ruling on the other motions at this time.

## I.   BACKGROUND

A grand jury returned a two-count superseding indictment on September 6, 2007, charging Ballard with two counts of a scheme to conceal a material fact, 18 U.S.C. § 1001(a)(1).  Count One alleges that on May 30, 2006, Ballard reported to his probation officer that he went to the public library to reserve a book entitled Plum Island and did not report that he had also checked out a book on child sexual psychology.  Count Two alleges that on June 1, 2006, Ballard concealed from his probation officer the fact that he purchased a children's fashion magazine from Tower Bookstore.

The superseding indictment contains the following "introductory allegations" about Ballard's past criminal history: Ballard was convicted in 2000 of traveling interstate to engage in sexual acts with a minor, a violation of 18 U.S.C. § 2423(b); in 2004 he was returned to custody for violating two conditions of his supervised release, namely use of an online computer

service to access images of minor females and correspondence with a convicted child molester for purposes of facilitating his access to minor females; in 2005 Ballard was convicted of a charge of making false statements to his probation officer while on supervised release when he falsely told the officer that his purpose in using an online computer service was to access his email.  The introductory allegations further state that Ballard was on supervised release as of May 26, 2006 and that he had received instructions on the conditions of his supervised release.

Ballard moves to strike from the indictment the allegations about his criminal history, claiming that it is surplusage. Ballard moves to dismiss the superseding indictment on due process grounds, alleging that the government improperly influenced the grand jury by informing them of Ballard's criminal history.  Ballard also moves to unseal the record of the grand jury's proceedings to discover whether the government used his criminal history improperly to influence the grand jury.

**II.   ANALYSIS**

A.   <u>The Introductory Allegations Are Not Surplusage</u>

Rule 7(d) authorizes the court to strike surplusage from an indictment "to protect a defendant against prejudicial or

inflammatory allegations that are neither relevant nor material to the charges." <u>United States v. Ramirez</u>, 710 F.2d 535, 544-45 (9th Cir. 1983).  Allegations in the indictment that are never read to the jury are not prejudicial and therefore need not be stricken.  <u>United States v. Hedgepeth</u>, 434 F.3d 609, 613 (6th Cir. 2006).

Language in the indictment which covers information which the government, in good faith, intends to prove at trial cannot be stricken as surplusage, no matter how prejudicial it may be. <u>United States v. Lavin</u>, 504 F. Supp. 1356, 1362 (N.D. Ill. 1981). The prosecution is entitled to prove its case by evidence of its own choice; i.e. a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it.   <u>Old Chief v. United States</u>, 519 U.S. 172, 187 (1997).

While some courts have a practice of providing a copy of the indictment, or reading it verbatim to the jury, this Court does not.  The Court, according to its usual practice, will not give a copy of the indictment to the jurors, and will screen irrelevant, prejudicial material from the jury, including any unnecessary contents of the indictment.  There is, therefore, no surplusage in the indictment.  <u>See</u> <u>Hedgepeth</u>, 434 F.3d at 613.  Issues

regarding what the jury will see or hear can be resolved at trial or by motions in limine. Nothing will be stricken in the superseding indictment.

B.   <u>The Superseding Indictment Can Not Be Dismissed Because the Government Exposed the Grand Jury to No Improper Evidence.</u>

An indictment returned by a legally constituted nobiased grand jury, like an information drawn by a prosecutor, if valid on its face, is enough to call for a trial of the charge on the merits and satisfies the requirements of the Fifth Amendment. <u>Lawn v. United States</u>, 355 U.S. 339, 349 (1958). An indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. <u>United States v. Calandra</u>, 414 U.S. 338, 345 (1974).

Dismissal of an indictment is appropriate if it is established that prosecutorial misconduct substantially influenced the grand jury's decision to indict or if there is grave doubt that the decision to indict was free from the substantial influences of violation. <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 256 (1988)(citing <u>United States v. Mechanik</u>, 475 U.S. 66 (1986)). A defendant must show that (1) there has been improper conduct by the prosecutor, and (2) that there is at least grave doubt that the decision to indict was

free from the substantial influences of the misconduct.  The relevant inquiry therefore focuses not on the degree of culpability of the prosecutor, but on the impact of his misconduct on the grand jury's impartiality.  <u>United States v. Sear, Roebuck & Co.</u>, 719 F.2d 1386, 1392 (9th Cir. 1983).

Ballard argues that the revelation of his criminal history to the grand jury, which revelation is indicated by the introductory allegations of the indictment, was misconduct on the part of the government.  The government, however, points out that it is charged with proving the materiality of the facts Ballard concealed from his probation officer.  The materiality of the fact that Ballard failed to disclose the fact that he had checked out a book on child sexual psychology must be established by the government.  The government maintains that evidence of Ballard's prior conviction of traveling across state lines to have sex with a minor is relevant evidence as to the element of materiality.  <u>Cf.</u> <u>Old Chief</u>, 519 U.S. at 187.  Such evidence may also be relevant to the fact that he acquired the children's fashion magazine.  The grand jury is not rendered biased by exposure to relevant evidence essential to the prosecutor's case.  <u>Cf.</u> <u>Sears</u>, 719 F.2d at 1392.  Dismissal of the indictment is unwarranted.

C.  <u>The Record of the Grand Jury Proceedings Can Not be Unsealed Because Ballard's Need Does Not Outweigh the Need for Secrecy</u>

The seal of the grand jury record may thwart the court's evaluation of a possible Fifth Amendment violation.  Fed. R. Crim. P. 6(e)(2)(B), (3)(E)(i).  A defendant may request that the court order disclosure of the grand jury proceedings.  Fed. R. Crim. P. 6(e)(3)(E)(ii).  A court may grant discovery of the grand jury record where the defendant has shown a particularized need for the record that outweighs the need for grand jury secrecy.  <u>United States v. Murray</u>, 751 F.2d 1528, 1533 (9th Cir. 1985).

Ballard is unable to show any particularized need for the record of the grand jury, inasmuch as he has failed to show any likelihood that there was any prosecutorial misconduct during the grand jury proceedings.  Without any particularized need for the record, Ballard can show no need that outweighs the need for grand jury secrecy.  <u>Cf.</u> <u>Murray</u>, 751 F.2d at 1533.

### III.  CONCLUSION

For the reasons stated above, Ballard's motions to unseal the grand jury record, to dismiss the indictment, and to strike surplusage are DENIED.  Ballard has not made the requisite showing of prosecutorial misconduct.  The alleged surplusage is

1  neither irrelevant nor prejudicial.

2

3       IT IS SO ORDERED

4

5  Date: December 11, 2007

6                                          D. LOWELL JENSEN
                                           United States District Judge