IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,        No. CR S-05-168 JAM

    vs.

JOHN BALLARD,

      Movant.         <u>ORDER</u>

_____/

   Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 raising six grounds: (1) the court accepted his guilty plea despite his factual innocence of the charges; (2) the condition of supervised release barring him from using a computer is illegal; (3) the probation officer improperly imposed a curfew on movant; (4) the probation officer's imposition of travel restrictions was unauthorized; (5) the probation officer released movant's presentence report and mental health evaluations to a treatment provider without the district court's authorization; (6) the probation officer improperly required movant to sign a release allowing his mental health treater provider to discuss movant's treatment with the probation officer.  (Docket No. 111)

   Movant has also filed a document he had called a "petition for writ of habeas corpus," alleging that his sentence exceeded the stipulated sentence which was part of his plea

1

agreement and that he was thereafter denied the opportunity to withdraw his plea (Docket No. 117).  He has written to the court, disputing the characterization of this latter petition as a motion to vacate his sentence and explaining he intended it to be a petition for a writ of habeas corpus under 28 U.S.C. § 2241.   However, a petition under 28 U.S.C. § 2241 lies to attack the execution, rather than the validity of a sentence.  <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005); <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000) (a motion contesting the legality of a conviction or sentence must be filed under § 2255).   Accordingly, this pleading cannot be deemed a § 2241 petition as movant requests because it challenges the legality of his conviction and sentence.

Because movant has thus filed two documents which attack the legality of his conviction and sentence, the court cannot determine whether he wishes to proceed on all or just some of the grounds raised in the two documents.  He will be given leave to file an amended motion.

IT IS THEREFORE ORDERED that:

1. Movant's motions to vacate his sentence (docket nos. 111 & 117) are dismissed; and

2.  Movant is given leave to file an amended motion, due no later than thirty days from the date of this order.  Failure to comply with this order will result in a recommendation that the action be dismissed.

DATED:  December 22, 2008.

_____
U.S. MAGISTRATE JUDGE

2

ball0168.dlta