IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,               No. CR S-05-168 JAM KJM P

        vs.

JOHN MARVIN BALLARD,

        Movant.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Movant has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  Respondent has filed a motion to dismiss, arguing that the motion was not filed within the statute of limitations and is barred by movant's plea agreement, which waived collateral attack.

I. <u>Background</u>

        On April 21, 2005, movant was indicted on four counts of violating 18 U.S.C. § 1002(a)(3) and one count of violating 18 U.S.C. § 1001(a)(2) based on false statements to his probation officer.  He entered a plea of guilty to the latter charge on November 1, 2005 in accordance with a written plea agreement.

        Before the date for judgment and sentence, movant filed a sentencing memorandum, objecting to a proposal that while he was on supervised release he be restricted

1    from accessing the Internet and forbidden from using a computer with internet access.  See Def.'s

2    Sentencing Mem. (Docket No. 35-2) at 3-4.  He also argued his statement to the probation officer

3    was true but not complete.  Id. at 7.

4           Petitioner returned to court for sentencing on February 17, 2006.  Pl.'s Motion to

5    Dismiss (MTD; Docket No. 184), Appendix (App.) 4.  The judge notified movant that he would

6    be forbidden from having any access to a computer.  Id. at 5, 12.  The judge then sentenced

7    petitioner to a fifteen month term of imprisonment with a three year term of supervised release.

8    Docket No. 36 (minutes).

9           Written judgment was entered on March 3, 2006, reflecting the sentence

10   pronounced in open court.  MTD, App. 5.  The sentence included a number of conditions of

11   supervised release, including a restriction on computer use and a condition directing movant to

12   participate in mental health treatment and in sex offender treatment, with conditions "as approved

13   and directed by the probation officer and as recommended by the assigned treatment provider."

14   Id. at 4-5.

15          Movant did not appeal from this judgment.

16          On June 7, 2006, the probation office filed a petition to revoke movant's

17   supervised release, based in part on movant's failure to follow the probation officer's instructions

18   and on false statements to the probation officer.  Docket No. 43.  On July 13, 2006, movant was

19   indicted in a new case on three charges of giving false statements to his probation officer.  United

20   States v. Ballard, Cr. S-06-283.[1]  These two cases were related and several motions were litigated

21   in both actions.  Id., Docket No. 7 (related case order); Cr. S-05-168, Docket No. 96 (order

22   resolving parallel motions filed in both cases).

23          On May 28, 2008 and June 19, 2008, movant filed motions to vacate his sentence

24   in this case.  Docket Nos. 111, 117.  The court dismissed these two motions but gave movant

25

26          [1]  The court takes judicial notice of the records of this case.

2

leave to file an amended motion.  See Docket No. 144.  The court dismissed the amended motion,

giving movant leave to file a second amended motion to vacate.  Docket No. 156.  The pending

second amended motion to vacate was filed on May 27, 2009.  It raises the following grounds: the

court accepted movant's guilty plea even though movant is factually innocent; the condition of

supervised release that restricts the possession or use of a computer is overbroad; the probation

officer imposed a curfew illegally; the probation officer imposed travel restrictions illegally; the

probation officer disclosed movant's presentence report and mental health evaluation to a

treatment provider without court authorization; and the probation officer required movant to sign

a release authorizing his treatment provider to discuss his mental health treatment with the

probation officer.  Second Am. Pet. (Docket No. 162).

II.  The Statute of Limitations

Section 2255 provides in relevant part:

(f) A 1-year period of limitation shall apply to a motion under this
section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created
by governmental action in violation of the Constitution or laws of
the United States is removed, if the movant was prevented from
making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by
the Supreme Court, if that right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on
collateral review; or

(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of due
diligence.

28 U.S.C. § 2255.

As noted, the written judgment in this case was filed on March 3, 2006, and the

time for filing an appeal expired ten days later, on March 17, 2006.  United States v. Schwartz,

274 F.3d 1220 (9th Cir. 2001).  The limitations period began to run the following day and expired

1   on March 19, 2007.[2]  Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)

2   (applying Fed. R. Civ. P. 6(a) to calculation of time).  The instant action was filed on May 28,

3   2008, over a year after the statute of limitations had run.

4           Movant posits several reasons why the instant action is still timely.  He argues that

5   he learned the basis of his claims only when his probation officer testified in the related

6   prosecution that she had imposed a travel restriction and curfew without authorization by the

7   district court and that she had released the presentence report and previous evaluations to the

8   treatment provider, also without authorization of the district court.  Movant's Response to MTD

9   (Response; Docket No. 188) at 4.  In addition, he did not realize that he was suffering from a

10  "wrongful conviction" until the judge, in case no Cr. S-06-283, said that movant's statements to

11  the probation officer had been literally true.  Id. at 3.

12          Although movant does not argue as much explicitly, the thrust of his argument is

13  that there are different triggering points for the statute of limitations in this case.  Movant is

14  correct that the statute of limitations imposed by the habeas statutes are applied on a claim-by-

15  claim basis.  Fielder v. Varner, 379 F.3d 113, 119-21 (3d Cir. 2004); Nusbaum v. Salazar, 2008

16  WL 5377996 (C.D. Cal. 2008) (concluding the 9th Circuit would adopt the claim-by-claim

17  approach).[3]  Even so, none of movant's claims is timely.

18          Movant argues, in essence, that the statute of limitations is governed by

19  § 2255(f)(4) because he did not know and could not have known about the source of the

20  restrictive conditions of his supervised release until the probation officer's testimony at some

21

22          [2]  The last day of the limitations period, March 18, 2007, was a Sunday.  See Patterson v.
23  Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Fed. R. Civ. P. 6(a) to time computations
    for 2254 petitions).

24          [3]  Because of the similarity of the statutes of limitations for habeas petitions filed by state
25  prisoners and motions to vacate sentences filed by federal prisoners, cases interpreting one statute
    are often cited in interpreting the other.  See United States v. Battles, 362 F.3d 1195, 1196-97
26  (9th Cir. 2004).

4

later, unspecified date; he also did not realize his conviction was improperly obtained until the judge ruled, also at some unspecified date, that the statements underlying his plea were in fact not "false" within the meaning of the false statement statutes.

Under section 2255(f)(4), a movant must file his motion within one year of the date upon which the "facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." This period begins when the movant knows the facts themselves, not the legal significance of those facts. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); Barreto-Barreto v. United States, 551 F.3d 95, 100 n.4 (1st Cir. 2008) (interpreting § 2255(f)(4) and determining that discovery of new legal theory does not constitute a "fact" for purposes of this section); Hereford v. McCaughtry, 101 F.Supp.2d 742, 745 (E.D. Wis. 2000) (petitioner not entitled to rely on this section when he knew the factual predicate at the time of trial; fact that he might not have had all the evidence or understood legal basis not determinative). Nevertheless, the diligence required under this section is not "the maximum feasible diligence" but rather "reasonable diligence in the circumstances." Schlueter v. Varner, 384 F.3d 69, 74, 75 (3rd Cir. 2004) (internal quotations omitted).

A. Computer Restriction

The special conditions of supervision contained in the written judgment, filed March 3, 2006, contain the following restriction: "The defendant shall not possess or use a computer. The defendant shall not use or possess any other device that has access to any 'on-line computer service.' This includes any Internet service provider, bulletin board system, or any other public or private computer network. The defendant may use a cellular phone without access to the Internet." MTD, App. 5 at 4. These restrictions were also discussed during the sentencing proceedings. MTD, App. 4 at 5. Accordingly, movant was aware that his access to a computer would be restricted when he was sentenced; the statute of limitations for this claim therefore expired on March 19, 2007.

/////

5

B. Plea Accepted Despite Movant's Innocence

Movant claims he was not aware that he was wrongfully convicted until the judge in case no. Cr-S-06-283 commented that his statements to the probation officer had been literally true. Response at 3. This argument is specious.

Before sentencing in this earlier case, movant's appointed counsel filed a sentencing memorandum handwritten by movant, in which movant argued:

> . . . I did not do any affirmative act which was false or misleading. I merely did not disclose, until directly asked, that I was also using the computers at the public library. My statements were true. I had been e-mailing my dad and a friend prior to Mr. Loya observing me. I had been reading newspapers and magazines on the days I said so in the daily log. This does not constitute a trick, scheme or device on my part.

United States v. Ballard, Cr. S-05-168, Docket No. 35-2 at 7. Movant also relied on the discredited theory of the "exculpatory no" to argue that his answers were not statements within the meaning of 18 U.S.C. § 1001. Docket No. 35-2 at 9; see Brogan v. United States, 522 U.S. 398, 408, (1998) (the plain language of 18 U.S.C. § 1001 admits of no exception for an 'exculpatory no'). Movant was aware not only of the facts but also of their legal significance at sentencing; the statute of limitations on this claim expired on March 19, 2007.

C. In-District Travel Limitations; Curfew; Release Of Information To Counselor

Movant complains he did not learn that the probation officer imposed these conditions or released the information without district court approval until she testified at some unspecified date in the later, related proceedings. Response at 4.

Movant was aware of the curfew, the travel restrictions, and the release of his presentence report and other evaluations sometime after his release on supervised release in this case and the filing of the petition alleging his violations of that release, on June 7, 2006. He has not suggested he lacked access to the conditions imposed by the district court in its written judgment of March 3, 2006, and does not otherwise explain why he could not have compared those authorized by the district court with those imposed by the probation officer and determined

that the latter were allegedly not authorized.  In fact, movant appears to acknowledge that he did nothing to determine the legality of these conditions until the probation officer testified in the later case, despite the fact that the conditions imposed by the district court were readily available in the judgment.  Under section 2255(f)(4), the inquiry is not when movant in fact learned, but rather when facts could have been learned through the exercise of due diligence.  Movant has made no showing that he acted with any diligence at all in seeking to learn whether the conditions he found onerous were authorized by the district court.  Because movant was aware of the conditions in late May or early June 2006, yet took no steps to determine their legality, the statute of limitations on these claims expired no later than June 2007.  These claims are barred by the statute of limitations.  In light of this conclusion, the court will not address whether these claims are barred by the waiver of appeal and collateral review.

II.  Actual Innocence

Movant suggests he is actually innocent of the crime of which he was convicted.  In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court held that a habeas petitioner who makes "a colorable showing of actual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s]" considered on the merits.  Id. at 314-15.  The Ninth Circuit has suggested that a sufficient Schlup showing might overcome the bar of the statute of limitations.  Majoy v. Roe, 296 F.3d 770, 775 (9th Cir. 2002).  The Supreme Court has recognized that this exception to the statute of limitations is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial.  Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 538, 559 (1998).  A petitioner's own "late-offered testimony is not 'new' because it was available at trial," nor is a mere "repackaging of the record as presented at trial."  Hubbard v. Pinchak, 378 F.3d 333, 340-41 (3d Cir. 2004).  The same standard is applied even when, as here, the conviction is based on a plea.  United States v. Torres, 163 F.3d 909, 912 n.15 (5th Cir. 1999).

/////

1  Ultimately, it is petitioner's burden to demonstrate actual innocence.  Jaramillo v. Stewart, 340

2  F.3d 877, 883 (9th Cir. 2003).

3          Movant has not met his burden.  What he offers in support of his claim of

4  innocence is the same argument he raised in his sentencing memorandum, which was clearly

5  available at the time he entered his plea.  In addition, his claim of innocence is more concerned

6  with legal innocence.  He has not satisfied the Schlup standard.

7          IT IS HEREBY RECOMMENDED that:

8          1.  Respondent's motion to dismiss (docket no. 184) be granted; and

9          2  The clerk of the court be directed to close the companion civil case Civ. No. S-

10  08-1176 JAM KJM P.

11          These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

13  one days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16  shall be served and filed within fourteen days after service of the objections.  The parties are

17  advised that failure to file objections within the specified time waives the right to appeal the

18  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  DATED:  June 29, 2010.

20

21  _____

22  U.S. MAGISTRATE JUDGE

23

24

25

26  2/ball0168.mtd